IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EUGENE OLIVETO, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 8:14-CV-00069 |
| | ) |
| v. | ) |
| | ) |
| MARK FOXALL, DIRECTOR OF | ) **PROTECTIVE ORDER** |
| DOUGLAS COUNTY | ) |
| CORRECTIONS, an individual, | ) |
| DOUGLAS COUNTY, NEBRASKA, | ) |
| SUSAN GRITTON, an individual, | ) |
| CORRECT CARE SOLUTIONS, | ) |
| LLC D/B/A CCS NEBRASKA | ) |
| MEDICAL SERVICES, P.C., | ) |
| JOHN DOE AND MARY DOE | ) |
| | ) |
| Defendants. | ) |

The Plaintiff's unopposed motion for Protective Order (Filing No. 48) is granted as follows:

1. <u>DEFINITIONS</u>. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2. <u>CONFIDENTIAL DOCUMENTS</u>. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony it reasonably believes contains legally recognized through statute or precedent confidential or proprietary business information and/or trade secrets in order to limit disclosure

as set forth in this Paragraph 2. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

    a.    Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, in house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

    b.    Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

    c.    Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

    d.    Any person who was involved in the preparation of the document;

    e.    The Court, Court personnel, court reporters and similar personnel;

    f.    The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 2(a) above.

    g.    Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (d), (f) and (g) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

3. <u>DOCUMENTS ALREADY PRODUCED</u>. Within fourteen (14) days of the entry of this Order, inform the party to whom documents have been produced that it considers certain documents already produced or deposition testimony as being subject to this Order as "Confidential".

4. <u>THIRD PARTY WITNESSES</u>. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent. A third party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within fourteen (14) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such fourteen (14) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such fourteen (14) day period.

5. <u>CHALLENGE TO DESIGNATION</u>. Any party may challenge the "Confidential" designation of any document, by notifying all interested parties and providing the producing party fourteen (14) days in which to move the Court for an Order preventing or limiting disclosure. The parties shall attempt to resolve such disagreement before submitting it to the Court. If the producing party files such a motion within such time, the documents shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion. If no motion is filed within that time the "Confidential" restriction of this Order shall no longer apply to such document.

6. <u>RETURN OF DOCUMENTS</u>. Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with a signed statement reflecting the disposition. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

7. <u>USE OF DOCUMENTS</u>. Documents produced by any party, including, but not

limited to, "Confidential" documents and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with this litigation pending in the U.S. District Court, Case No. 8:14-cv-00069, styled *Eugene Oliveto v. Mark Foxall, et al.*. Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

  8. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

  (1) Such information was or has become public knowledge absent a breach of this Protective Order; or

  (2) The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

  9. <u>PROTECTED HEALTH INFORMATION.</u> The parties acknowledge that some of the information produced in this case may be protected health information within the meaning of HIPAA. Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v):

  a. Counsel and the party seeking protected health information shall not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information has been requested.

  b. Counsel and the party requesting the protected health information shall return or destroy the protected health information (including all copies made) at the end of the litigation or proceeding.

  c. Counsel and the party requesting protected health information shall request, use and disclose only the minimum necessary protected health information to conduct the litigation or proceeding.

  10. <u>NON-EXCLUSIVITY</u>. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this

Order in any aspect.  The obligations and prohibitions under this Order are not exclusive.  All other ethical, legal and equitable obligations are unaffected by this agreement.

11. <u>WAIVER</u>.  Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

12. <u>ENFORCEMENT</u>.  Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

DATED this 10th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

Prepared and submitted by:

EUGENE OLIVETO, Plaintiff

By:     s/ Thomas M. White
        C. Thomas White (#14488)
        Thomas M. White (#17452)
        Amy S. Jorgensen (#23215)
        WHITE & JORGENSEN
        209 South 19th Street, Suite 310
        Omaha, Nebraska 68102
        (402) 346-5700

MARK FOXALL, DIRECTOR OF DOUGLAS COUNTY CORRECTIONS, an individual, DOUGLAS COUNTY, NEBRASKA

By: s/Christopher R. Hedican
    Christopher R. Hedican (#19744)
    BAIRD HOLM LLP
    1500 Woodmen Tower
    1700 Farnam St.
    Omaha, NE 68102-2068
    (402) 344-0500

SUSAN GRITTON, an individual, CORRECT CARE SOLUTIONS, LLC D/B/A/ CCS NEBRASKA MEDICAL SERVICES, P. C.

By: s/Patrick J. Barrett
    Patrick J. Barrett, (#17246)
    FRASER STRYKER PC LLO
    409 South 17th Street
    Omaha, NE 68102
    (402) 341-6000